**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                      **CASE NO. 4:07CR00049-2 JM**

**DEMETRIUS RUFUS**

**ORDER**

Pending is the Defendant's motion to reduce sentence seeking compassionate release.   (Docket #454).  Rufus filed a *pro se* motion seeking compassionate release which the Court denied on April 21, 2020 finding that he failed to meet the exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A). The Federal Public Defender filed the current motion initially arguing that the Court should waive the exhaustion requirement in this case.  After further briefing, it appears the Defendant has satisfied the gate keeping provision as thirty (30) days have passed since he sent his request for compassionate release to the Warden of the facility in which he is incarcerated.

For the reasons set out below, Defendant's Motion for Compassionate Release is DENIED.

**I.     BACKGROUND**

Rufus is currently serving a 188 month sentence for conspiracy to possess marijuana with intent to distribute and aiding and abetting the possession of counterfeit obligations. Bureau of Prisons records show Rufus's release date as July 6, 2021.

## II.    DISCUSSION

Although the First Step Act made the procedural hurdles for
compassionate release a bit less strenuous, a defendant still must establish
"extraordinary and compelling reasons" and that release would not be contrary to
the 18 U.S.C. § 3553(a) factors.[1]

Defendant asserts that his race, gender and medical conditions put him at
the highest risk of severe illness or death from COVID-19.  Rufus complains that
he is a chronic care asthma patient, takes medications for his asthma which
compromise his immune system, suffers from upper respiratory problems,
hyperlipidemia, and obesity.  First, these health issues are not severe enough to
be "extraordinary and compelling."  Although the First Step Act did not define
this phrase, it defers to the United States Sentencing Guidelines, which does set
out examples.[2]  None of these health issues are listed.  Second, "fear of

---

[1] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the
seriousness of the offense, afford adequate deterrence, protect the public, and
provide the defendant with appropriate rehabilitation.

[2] Of course, this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n.
1.  The examples are: (1) the defendant's medical condition is such that he
suffers from a "terminal illness" or the condition "substantially diminishes the
ability of the defendant to provide self-care within the environment of a
correctional facility and from which he or she is not expected to recover"; (2)
"[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious
deterioration in physical or mental health because of the aging process; and (iii)
has served at least 10 years or 75 percent of his or her term of imprisonment,
whichever is less; (3) the defendant's family circumstances include either "(i)
The death or incapacitation of the caregiver of the defendant's minor child or
minor children" or "(ii) The incapacitation of the defendant's spouse or

contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[3] Third, Defendant is only 48 years old.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by the defendant and reflecting the severity of the offense.

The defendant has a history of drug-related offenses dating back to 1990. In April 1995, the defendant was charged with possession of a controlled substance in Texas after a vehicle he was driving on Interstate 30 was found to contain 1.24 kilograms of cocaine.  In October 1995 the defendant was charged with conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine base in the Eastern District of Arkansas.  The defendant pled guilty in September 1996.  The defendant was on supervised release for this conviction when the activities that led to the instant conviction commenced.

**CONCLUSION**

For the reasons set out above, Defendant's Motion for Compassionate

---

registered partner when the defendant would be the only available caregiver for the spouse or registered partner." § 1B1.13 cmt. n.1(C).

[3] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020)

Release (Doc. No. 454) is DENIED.

IT IS SO ORDERED, this 25th day of June, 2020.

_____
James M. Moody Jr.
United States District Judge